# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ROBERT J. O'DONNELL** and **SANDRA O'DONNELL,**
Appellants,

v.

**W.F. TAYLOR CO., INC., ARMSTRONG WORLD INDUSTRIES, INC.,
ROBERTS CONSOLIDATED INDUSTRIES, INC.,
DAP PRODUCTS INC.,** and **WHITAKER OIL COMPANY,**
Appellees.

No. 4D18-3772

[March 18, 2020]

**CORRECTED OPINION**

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 2013CA017987.

Lee B. Lesher and Scott Frieling of Allen Stewart, P.C., Dallas, Texas, and Sean Cox of Law Offices of Sean R. Cox, Dallas, Texas, and Todd Romano of Romano Law Group, West Palm Beach, for appellants.

Walter G. Latimer, June G. Hoffman, and Bruno Renda of Fowler White Burnett, P.A, Miami, for appellee W.F. Taylor Co., Inc.

Marie A. Borland, William J. Judge, Jr., and Ryan J. Leuthauser of Hill, Ward & Henderson, P.A., Tampa, and J. Alan Harrell of Phelps Dunbar LLP, Baton Rouge, Louisiana, for appellee Armstrong World Industries, Inc.

Edward J. Briscoe and June G. Hoffman of Fowler White Burnett, P.A., for appellee Roberts Consolidated Industries, Inc.

Carol M. Rooney of Butler Weihmuller Katz Craig LLP, Tampa, for appellee DAP Products Inc.

Mark A. Emanuele and Charles Norris of Lydecker|Diaz, Miami, for appellee Whitaker Oil Company.

PER CURIAM.

In this negligence and product liability case, the plaintiffs (husband and wife) appeal from the circuit court's final judgment granting the five defendants' companion motions for summary judgment on causation. The plaintiffs argue that the circuit court applied an incorrect "but for" causation standard, and also erred in failing to apply the "substantial contributor" causation standard. We disagree with the plaintiffs' argument. Therefore, we affirm the final judgment.

## *Background*

The plaintiffs sued the defendants in counts for negligence and product liability, alleging that, during the husband's four decades of installing carpets and flooring, he was exposed to the defendants' alleged benzene-containing products, causing him to develop a blood and bone marrow disease, from which he has suffered life-threatening injuries, and his wife has suffered the loss of consortium.

Each defendant moved for summary judgment on causation. Each defendant argued that, regardless of the husband's exposure to their respective product, the husband still would have developed the disease. In support, each defendant relied upon the plaintiffs' experts' depositions, during which the experts testified they could not say that the low range of exposure to each product was sufficient for any one product to have caused the husband's disease. In other words, the defendants argued, no genuine issue of material fact existed that the husband's exposure to their respective product did not reach the necessary level for the plaintiffs' experts to establish causation.

The plaintiffs responded that the defendants were relying on an incorrect "but for" causation standard. According to the plaintiffs, the proper causation standard was the "substantial contributor" standard, which required the plaintiffs to prove only that each defendant's product "contributed substantially" to producing the husband's disease in order to establish causation.

The circuit court entered an order granting the defendants' motions for summary judgment. The circuit court reasoned, in pertinent part:

> The plaintiff[s] concede[] the [defendants'] products contributed only a small fraction of [the husband's] lifetime exposure. Measured in parts per million years (ppm-y), it was far below the threshold amount likely to have caused [the husband's] illness. The [defendants'] products cannot be said to have made a statistically significant difference.

Accordingly, the plaintiff[s] concede[] [the defendants' products] were not a "but-for" cause of [the husband's] illness. The [husband's] illness would likely have occurred regardless of the [defendants'] actions and their actions alone were not enough to be the likely cause. Traditional legal causation is lacking.

Plaintiff[s] contend[] that [they are], nonetheless, entitled to argue to a jury that [the husband's] exposure to the [defendants'] products was a "substantial" contributor to his disease. This Court rejects that approach . . . .

In Florida, substantiality is not an independent test for legal causation. It supplements traditional "but for" causation but is no substitute for it. Factual causation remains a foundational, threshold element. . . .

The substantiality language was adopted to plug gaps in the but-for principle. It is used to describe why concurrent or sequential tortfeasors will be held liable in cases where it cannot be determined which actor *actually* caused the damage. As the Notes on Use of Standard Jury Instructions for legal cause [403.12] explain[,] the "substantially contributing" language is not an "additional standard for the jury to consider in determining whether negligence [or a defect in a product] was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her negligence by reason of some other cause concurring in time and contributing to the same damage." Indeed, [Instruction 403.12's] Note 1[] further reaffirms the but-for test remains the general standard to "be given in all cases."

### ***Analysis***

Our review of an order granting summary judgment is de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). "The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985). "If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the

jury as a question of fact to be determined by it." *Id.* However, "[t]he judgment sought must be rendered immediately if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c).

Applying the foregoing standards of review, and after reviewing the undisputed summary judgment evidence on file, we conclude that the five defendants were entitled to judgment as a matter of law.

The plain language of Florida Standard Jury Instruction (Civil) 403.12 and its Notes on Use provide, in pertinent part:

### 403.12  LEGAL CAUSE

*a.  Legal cause generally:*

[A defect in a product] [Negligence] is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the [defect] [negligence], the [loss] [injury] [or] [damage] would not have occurred.

*b.  Concurring cause:*

In order to be regarded as a legal cause of [loss] [injury] [or] [damage], [a defect in a product] [negligence] need not be the only cause.  [A defect in a product] [Negligence] may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the [defect] [negligence] contributes substantially to producing such [loss] [injury] [or] [damage].

. . . .

### NOTES ON USE FOR 403.12

1.  *Instruction 403.12a (legal cause generally) is to be given in <u>all</u> cases.  Instruction 403.12b* (concurring cause), to be given when the court considers it necessary, *<u>does not set forth any additional standard</u>* for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the

consequences of his or her negligence by reason of some other cause concurring in time and contributing to the same damage. . . .

2. *The jury will properly consider instruction 403.12a* not only *in determining whether defendant's negligence is actionable* but also in determining whether claimant's negligence contributed as a legal cause to claimant's damage, thus reducing recovery.

3. *Instruction 403.12b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury.* . . .

Fla. Std. Jury Instr. (Civil) 403.12 (emphasis added).

Consistent with Instruction 403.12 and the summary judgment standards of review, each defendant's summary judgment motion had the burden to disprove the plaintiffs' causation theory. That is, each defendant had the burden to show that its product did not produce or contribute substantially to producing the husband's disease, so that it can reasonably be said that, regardless of that product's defect or that defendant's negligence, the husband's disease still would have occurred.

Here, each defendant met that burden. As the trial court found, the plaintiffs conceded that each of the defendants' products contributed only a small fraction of the husband's lifetime exposure, far below the threshold amount likely to have caused the husband's illness. None of the defendants' products made a statistically significant difference in causing the husband's disease.

The plaintiffs nevertheless rely upon on our decision in *Cohen v. Philip Morris USA, Inc.*, 203 So. 3d 942 (Fla. 4th DCA 2016), to argue that summary judgment was inappropriate here. However, *Cohen* is distinguishable.

In *Cohen*, one of the defendants, Philip Morris, moved for a directed verdict, arguing the plaintiff failed to introduce evidence establishing that his wife's use of Philip Morris cigarettes was a legal cause of her chronic obstructive pulmonary disease and lung cancer resulting in her death. *Id.* at 945. Philip Morris acknowledged that the plaintiff's wife had smoked its cigarettes for "three years and a couple of months, or some undefined 'significant' amount of time," and for 6.33 pack years in the early 1950s. *Id.* However, Philip Morris argued, the plaintiff's expert testimony did not

establish that its cigarettes were a "but for" or "substantial" cause of disease and death, as the plaintiff's expert did not testify that if the plaintiff's wife had not smoked Philip Morris's cigarettes, her "injury would not have occurred." *Id.* The trial court granted Philip Morris's motion. *Id.*

We reversed. *Id.* at 951. In reaching that decision, we first relied upon the First District's observation of the burden of proof in a tobacco case:

> *In the context of a tobacco case such as this, the plaintiff must typically prove <u>an addiction to cigarettes</u> containing nicotine and that <u>this addiction was a legal cause of the illness at issue</u>.* ("'Addiction is a legal cause of death if it directly and in a natural and continuous sequence produces or contributes substantially to producing such death . . . so that it can reasonably be said that, but for the addiction to cigarettes containing nicotine, the death would not have occurred.'") [*R.J. Reynolds Tobacco Co. v.*] *Martin,* 53 So. 3d [1060,] 1065 [(Fla. 1st DCA 2010)] . . . .

*Id.* at 949-50 (quoting *Whitney v. R.J. Reynolds Tobacco Co.*, 157 So. 3d 309, 313 (Fla. 1st DCA 2014)) (emphasis added).

Having recognized the burden of proof in a tobacco case, we then expressly relied upon the First District's opinion for our reasoning as to why Philip Morris's directed verdict argument failed in *Cohen*:

> Here, in directing a verdict in [the defendants'] favor on the issue of causation, the learned trial court erred in its interpretation of [the plaintiff's expert's] testimony and the standard for establishing causation. [The plaintiff's expert] was essentially asked whether he could say that [the plaintiff] would not have developed lung cancer at all, if she had only smoked regular cigarettes rather than the cigarettes with the alleged design defects. [The plaintiff's expert] replied that he could not say that, "because it's not clear that there is a doubling of the risk produced by these design changes, which is what would be required to make a statement of more than 50 percent . . . more likely than not." *But this was neither the ultimate issue nor the correct legal standard for causation.*
>
> [*The plaintiff*] *did not claim that she never would have developed lung cancer if she had smoked non-filtered, full-flavored cigarettes instead of* [*the defendants'*] *engineered cigarettes. Such a claim would have been unsupportable on the*

*evidence, and [the defendants] themselves conceded that all cigarettes can cause lung cancer.  Rather, [the plaintiff's] claim asserted that [the defendants'] cigarettes with the defective designs increased her risk of becoming and remaining addicted to smoking and of developing lung cancer . . . .*

*Id.* at 950 (quoting *Whitney*, 157 So. 3d at 312-13) (emphasis added).

As the above emphasized language shows, the unique addictive nature of cigarette smoking was the ultimate issue in that case, as it was in *Cohen.*  Thus, based on the First District's reasoning, we similarly held in *Cohen* that Philip Morris was not entitled to a directed verdict on the causation element simply because the plaintiff's experts were unable to say that the plaintiff's wife would not have developed her fatal diseases if she had not smoked Philip Morris cigarettes or that the wife would have developed her fatal diseases if she had smoked only Philip Morris cigarettes.

The instant case is distinguishable from *Cohen.*  Here, it is undisputed that the defendants' products do not possess any of the addictive qualities of cigarettes, and none of the defendants conceded that any of their products causes the disease from which the plaintiff husband suffers.  Instead, each defendant relied upon the plaintiffs' experts' depositions, during which the experts testified they could not say that the low range of exposure to any of the defendants' products was sufficient to have caused the husband's disease.  According to the plaintiffs' experts, each of the defendants' products contributed only a small fraction of the husband's lifetime exposure, far below the threshold amount likely to have caused the husband's disease.  Based on this evidence, the defendants showed no genuine issue of material fact existed that the husband's exposure to their respective products did not reach the necessary level for the plaintiffs' experts to establish causation.

### *Conclusion*

Based on the foregoing, we affirm the circuit court's final summary judgment as to each of the five defendants.  On all other arguments which the plaintiffs have raised in this appeal, we affirm without further discussion.

*Affirmed.*

GROSS, CIKLIN, and FORST, JJ., concur.

*      *      *

*Not final until disposition of timely filed motion for rehearing.*